**Adriana MARTINEZ–MEDINA,**
**aka Adriana Martinez–**
**Aquilar Petitioner,**

v.

**Alberto GONZALES, Attorney**
**General, Respondent.**

No. 03–73324.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 20, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander N. Lopez, Esq., Law Office of Alexander N. Lopez, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Madeline Henley, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

Adriana Martinez–Medina ("Petitioner"), a native and citizen of Mexico and a lawful permanent resident alien of the United States, petitions for review of the dismissal, by the Board of Immigration Appeals ("BIA"), of her appeal from an immigration judge's ("IJ") decision finding her removable for knowingly engaging in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252. Petitioner challenges the removal order claiming: (1) her right to due process of law was violated during her hearing before the IJ; and (2) the finding that Petitioner engaged in alien smuggling is not supported by substantial evidence.

Because the BIA conducted an independent, *de novo* review of the record, we review only the BIA's decision. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir.2000). We review Petitioner's due process claim *de novo. Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We review the BIA's finding that Petitioner engaged in alien smuggling for substantial evidence and accordingly that finding "[is] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Cortez–Acosta v. INS*, 234 F.3d 476, 481 (9th Cir.2000) (per curiam).

■ Due process under the Fifth Amendment requires the fundamental fairness of an alien's removal proceedings, and "an alien who faces deportation is entitled to a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf." *Colmenar*, 210 F.3d at 971. Petitioner claims that the IJ violated her right to due process by: (1) not, *sua sponte*, granting Petitioner a third continuance to obtain counsel; (2) inadequately informing Petitioner of her rights; (3) asking Petitioner leading questions; and (4) admitting improper evidence. Even assuming that the defects Petitioner complains of occurred, and that those defects violated her constitutional rights, to be entitled to relief, Petitioner must also show prejudice "which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.; see also Rodriguez–Lariz v. INS*, 282 F.3d

---

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1218, 1226 (9th Cir.2002). Petitioner has made no such showing. Accordingly, her due process claim fails.

■ Petitioner also challenges the BIA's finding that she knowingly engaged in alien smuggling. The evidence before the BIA included, *inter alia*, Petitioner's statement to an immigration inspector that she assisted an undocumented alien's unlawful attempt to enter the United States, and her statement that she knew her conduct was illegal. The record also included Petitioner's inculpatory testimony before the IJ, during which Petitioner admitted that she attempted to assist the undocumented alien's entry into the United States. This evidence is unquestionably sufficient to support the BIA's decision under substantial evidence review.

Finally, Petitioner challenges the IJ's finding that she was also removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Because our review is limited to the decision of the BIA, which did not reach this alternative ground for removal, we do not address Petitioner's argument. *See Hernandez–Montiel,* 225 F.3d at 1090–91.

PETITION DENIED.